**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ABC CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | No. 23-cv-15628 |
| | ) | |
| v. | ) | Judge Jeffrey I. Cummings |
| | ) | |
| THE PARTNERSHIPS AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE A, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The Court has reviewed the plaintiff's memorandum in support of joinder, (Dckt. #17), and plaintiff's motion to file under seal and to proceed under a pseudonym temporarily, (Dckt. #4), and orders as follows.

First, with respect to joinder, the Court grants plaintiff leave to file an amended complaint to include the additional facts supporting joinder set forth in its joinder memorandum and the Liao declaration, (Dckt. #11-6). Plaintiff's amended complaint shall be filed on or before January 5, 2024. In light of the forthcoming amended complaint, plaintiff's motion for TRO, (Dckt. #9), and motion for electronic service of process, (Dckt. #13), are entered and continued.

As for plaintiff's motion to file under seal and to proceed under a pseudonym temporarily, that motion is granted in part and denied in part. At a minimum, plaintiff's submissions establish that, were defendants to learn of these proceedings before the execution of plaintiff's requested preliminary injunctive relief, there is a significant risk that defendants could destroy relevant documentary evidence and hide or transfer assets beyond the reach of the Court. Accordingly, subject to unsealing at an appropriate time, plaintiff's request to seal certain documents is granted.

Plaintiff's request to proceed under a pseudonym temporarily, however, is denied. As the Seventh Circuit has explained, "We have repeatedly voiced our disfavor of parties proceeding anonymously, as anonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes. To proceed anonymously, a party must demonstrate exceptional circumstances that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Doe v. Village of Deerfield*, 819 F.3d 372, 376-77 (7th Cir. 2016); *see also Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) ("[T]his circuit's decisions . . . disfavor anonymous litigation."); *Doe v. Blue Cross & Blue Shield United of Wis*., 112 F.3d

1

869, 872 (7th Cir. 1997) ("Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts.").

Here, plaintiff has failed to demonstrate the requisite "exceptional circumstances" to warrant proceeding anonymously under the factual scenario presented by this case. Although plaintiff refers the Court to websites such as "SellerDefense" – which monitors court dockets and advises alleged counterfeiters to remove any potentially infringing merchandise – plaintiff has presented no evidence that *it* has been the target of such tactics. Further, plaintiff has provided *no* legal authority supporting a finding of exceptional circumstances in this type of Schedule A infringement case nor has it demonstrated that the safeguards already in place will not otherwise protect its interest in enforcing its brand rights.[1] *See XYZ Corp. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 21-CV-06471, 2022 WL 180151, at *2 (N.D.Ill. Jan. 20, 2022) ("There is insufficient evidence . . . that Schedule A defendants are taking advantage of the case-tracking option to such an extent that it is materially impeding brand owners' enforcement efforts."). Moreover, plaintiff's *ex parte* motion for a temporary restraining order will be adjudicated promptly upon the filing of the amended complaint, and the identity of the defendant entities will be placed under seal during the pendency of the *ex parte* proceedings. Given these protections for plaintiff's legitimate interests, the countervailing strong public interest in knowing who is seeking recourse in the federal courts compels the Court to deny plaintiff's request to conceal its own identity, even initially.

**Date: December 22, 2023**

_____
**Jeffrey I. Cummings**
**United States District Court Judge**

---

[1] Not only are the cases cited by plaintiff factually distinguishable (as they fall well outside the context of Schedule A infringement cases such as this one), but – in each – the Circuit Court *affirmed* the district court's denial of a request to proceed anonymously. *See Village of Deerfield*, 819 F. 3d at 377 (affirming decision to deny §1983 plaintiff's request to proceed anonymously); *Doe v. Megless*, 654 F. 3d 404, 410 (3d Cir. 2011) (same); *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) (affirming decision to deny Title VII plaintiffs' request to proceed anonymously).